McGREGOR W. SCOTT
United States Attorney
DEBORAH STACHEL
Regional Chief Counsel, Region IX
Social Security Administration
S. WYETH McADAM
Special Assistant United States Attorney
    160 Spear Street, Suite 800
    San Francisco, California 94105
    Telephone: (415) 268-5610
    Facsimile: (415) 744-0134
    E-Mail: Elizabeth.Firer@ssa.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER P. TEGEL, III,<br><br>    Plaintiff,<br><br>vs.<br><br>ANDREW SAUL,<br>Commissioner of Social Security,<br><br>    Defendant. | CIVIL NO. 2:19-cv-01933-KJN<br><br>STIPULATION FOR REMAND PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g) AND FOR ENTRY OF JUDGMENT; ORDER |

IT IS HEREBY STIPULATED, by and between Peter P. Tegel, III (Plaintiff) and Andrew Saul, Commissioner of Social Security (the Commissioner or Defendant), through their respective counsel of record, that this action be remanded for further administrative action pursuant to section 205(g) of the Social Security Act, as amended, 42 U.S.C. section 405(g), sentence four. On remand, the Appeals Council will remand the case to an administrative law judge (ALJ) for a new decision. The Appeals Council will instruct the ALJ to reevaluate Plaintiff's residual functional capacity in terms that describe Plaintiff's ability to meet the physical and mental requirements of work, as applicable.  The Appeals Council will instruct the ALJ to provide rationale with specific references to the evidence in support of the assessed residual functional capacity limitations. The Appeals Council will instruct the

Stipulation for Voluntary Remand, 2:19-cv-01933-KJN

ALJ to evaluate further whether Plaintiff has the residual functional capacity to perform his past relevant work and, if appropriate, obtain supplemental vocational expert testimony to assist in determining what jobs exist, if any, for Plaintiff given his vocational factors (age, education, and work experience) and residual functional capacity. Before relying on the vocational expert's evidence, the ALJ will identify and resolve any conflicts between the occupational evidence provided by the vocational expert and information in the Dictionary of Occupational Titles and its companion publication, the Selected Characteristics of Occupations. The Appeals Council will instruct the ALJ to reassess Plaintiff's subjective statements about symptoms and any lay witness testimony. The Appeals Council will instruct the ALJ to take further action, as warranted, to complete the administrative record and resolve the above issues.

  The parties further request that the Clerk of the Court be directed to enter a final judgment in favor of Plaintiff, and against Defendant, reversing the final decision of the Commissioner.

                Respectfully submitted,

                */s/ Shellie Lott* \*
                SHELLIE LOTT
                Cerney Kreuze & Lott, LLP
                Counsel for Plaintiff
                \*As authorized via email on May 18, 2020

                McGREGOR W. SCOTT
                United States Attorney

Dated: May 18, 2020        By:  */s/ S. Wyeth McAdam*
                S. WYETH McADAM
                Special Assistant United States Attorney
                Counsel for Defendant

Stipulation for Voluntary Remand, 2:19-cv-01933-KJN

**ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated:  May 20, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Stipulation for Voluntary Remand, 2:19-cv-01933-KJN

3